Filed 2/14/24  P. v. Pulford CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C096619 |
| Plaintiff and Respondent, | (Super. Ct. No. CR20212968) |
| v. | |
| JAMES EARL PULFORD, | |
| Defendant and Appellant. | |

Defendant James Earl Pulford was found guilty by a jury of arson and sentenced to 16 years in prison.  He contends that his waiver of a jury trial on allegations of prior strikes and aggravating circumstances was not knowing and intelligent.  We conclude that defendant forfeited statutory claims that his waiver was inadequate and the trial court's decision on aggravating circumstances did not violate the federal or state Constitutions.  Accordingly, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Because this case is concerned solely with defendant's jury trial waiver, we provide a limited recitation of the underlying facts.

Defendant was staying in a motel in West Sacramento as part of a program instituted in response to COVID-19 to offer free, transitional housing. During a compliance check, contraband items (e.g., knives, torches, a BB gun) were found in defendant's room. He was ordered to discard these items before a follow-up visit the next day. Before the visit occurred, a fire broke out in defendant's room. Less than an hour later, police officers found defendant at a gas station nearby. He smelled of smoke and there was smoke residue on his hands. An investigation indicated that the fire was intentionally set. One smoke detector in defendant's room was missing and the sensors of another had been blocked to keep it from functioning.

Defendant was charged with arson of an inhabited structure. The amended information alleged that defendant was previously convicted of two serious felonies, i.e., robbery and attempted robbery, in 2008 within the meaning of the "Three Strikes" law. (Pen. Code,[1] § 667, subd. (d).) The information also alleged that the robbery conviction qualified for the five-year prior serious felony enhancement. (§ 667, subd. (a)(1).) The information further alleged a number of aggravating circumstances under California Rules of Court,[2] rule 4.421 for purposes of sentencing under section 1170, subdivision (b), to wit, the crime involved great violence, harm, or cruelty (rule 4.421(a)(1)); the victims were particularly vulnerable (rule 4.421(a)(3)); the crime involved property damage of great value (rule 4.421(a)(9)); defendant was engaged in violent conduct indicating a serious danger to society (rule 4.421(b)(1)); defendant's prior convictions

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Undesignated rule references are to the California Rules of Court.

were numerous or increasing in seriousness (rule 4.421(b)(2)); defendant had served a prior prison term (rule 4.421(b)(3)); and defendant's performance on probation was unsatisfactory (rule 4.421(b)(5)).

The arson charge was tried by a jury. When the trial court was advised that the jury had reached a verdict, the court conferred with defendant and his counsel regarding how the alleged prior convictions and aggravating circumstances would then be tried.

"THE COURT: Okay. We're out of the presence of the jury right now. [¶] I have counsel here. I have a note from the jury stating that there is a verdict. [¶] Before we bring in the jury, [defense counsel] I need an answer from you on how, if it is a guilty verdict, how you want to proceed on the additional enhancements at this time.

"[DEFENSE COUNSEL]: Right. How my client wants to proceed, and in speaking with him he has elected to have the [c]ourt rule on the priors rather than a jury trial on the priors; is that correct, [defendant]?

"THE DEFENDANT: Yes.

"THE COURT: All right. Thank you for that. Okay. [¶] Is there anything we want to talk about before we bring in the jury?

"[PROSECUTOR]: Not from the People's prospective [*sic*], your Honor.

"[DEFENSE COUNSEL]: Not from mine either."

In the subsequent bench trial, the trial court found beyond a reasonable doubt based on certified documentation that defendant was convicted of robbery and attempted robbery in 2008. Based on the same documentation, the trial court determined beyond a reasonable doubt that defendant was convicted of robbery, a serious felony within the meaning of section 667, subdivision (a)(1). Turning to the aggravating circumstances, the trial court found beyond a reasonable doubt facts supporting aggravating circumstances that the crime involved great violence, harm, or cruelty (rule 4.421(a)(1)); the victims were particularly vulnerable (rule 4.421(a)(3)); defendant was engaged in violent conduct that made him a serious danger to society (rule 4.421(b)(1)); defendant's

3

prior convictions were numerous and of increasing seriousness (rule 4.421(b)(2)); and defendant had served a prior prison term (rule 4.421(b)(3)). The court observed that no evidence had been presented that the crime involved property damage of great value (rule 4.421(a)(9)).

At the sentencing hearing, the trial court struck the five-year prior serious felony enhancement and one of the strikes. The court imposed the upper term of eight years based on the aggravating circumstances, doubled to 16 years by the remaining strike.

Defendant appeals.

## DISCUSSION

### I

### *Prior Conviction Allegations*

Defendant contends he "did not enter a valid waiver of his right to jury trial on the sentence enhancement allegations, in derogation of his rights under the state and federal Constitutions and state statutory law." While defendant frames the argument broadly, our analysis is dictated by the allegations in question. We begin with the prior conviction allegations.

We note that the trial court conducted a bench trial in which it determined beyond a reasonable doubt that defendant had prior convictions in two separate contexts. First, the court did so under two statutes, the Three Strikes law (§ 667, subd. (d)) and the five-year enhancement (§ 667, subd. (a)(1)). Second, the trial court found true aggravating circumstances that defendant's prior convictions were numerous or increasing in seriousness and he had served a prior prison term. (Rule 4.421(b)(2), (3).)

Taking these in turn, we conclude that, by failing to object below, defendant forfeited his claim of ineffective waiver of his statutory right to a jury trial on prior convictions under section 1025. California law affords "[a] defendant . . . a statutory right to a jury trial on 'the question of whether or not the defendant has suffered the prior conviction'—though not 'whether the defendant is the person who has suffered the

4

conviction.' " (*People v. Gallardo* (2017) 4 Cal.5th 120, 125, quoting § 1025, subds. (b) & (c).) But "the deprivation of the statutory right to [a] jury trial on the prior [conviction] allegations does not implicate the state or federal constitutional right to a jury trial. Absent an objection to the discharge of the jury or commencement of court trial, [the] defendant is precluded from asserting on appeal a claim of ineffectual waiver of the statutory right to jury trial of prior [conviction] allegations." (*People v. Vera* (1997) 15 Cal.4th 269, 278, overruled in part on other grounds in *People v. French* (2008) 43 Cal.4th 36, 47, fn. 3; accord, *People v. Grimes* (2016) 1 Cal.5th 698, 738; see also *Gallardo*, at p. 127; *People v. Cross* (2015) 61 Cal.4th 164, 172.)

Here, defendant did not object but rather agreed to a court trial on the prior conviction allegations. Accordingly, defendant is precluded from arguing on appeal that his waiver of his statutory right to jury trial was ineffective.

Turning to the second context, defendant was not entitled to a jury trial on the aggravated circumstances allegations pertaining to prior convictions under rule 4.421. "[T]he right to a jury trial does not apply to the determination of the aggravating circumstance that '[t]he defendant's prior convictions . . . are numerous or of increasing seriousness.' ([R]ule 4.421(b)(2).)" (*People v. Towne* (2008) 44 Cal.4th 63, 75, citing *People v. Black* (2007) 41 Cal.4th 799, 819-820.) The trial court is permitted to decide whether a defendant's convictions are " 'numerous or of increasing seriousness.' " (*Towne*, at p. 75.) Likewise, the trial court may decide whether defendant had served a prior prison term. (*Id.* at pp. 70-71, 79-80.)[3]

---

[3] The People stated in their sentencing brief below that the trial court also found that defendant's performance on probation was unsatisfactory. (Rule 4.421(b)(5).) However, the trial court did not make a specific finding on this aggravated circumstance. In *People v. Towne*, *supra*, 44 Cal.4th 63, our Supreme Court held that "the aggravated circumstance that a defendant's prior performance on probation or parole was unsatisfactory may be determined by a judge, so long as the determination is based upon

5

To be sure, under section 1170, subdivision (b)(2), the trial court may not impose a sentence greater than the middle term based on aggravating circumstances, unless "the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." However, this provision "did not provide a right to a jury trial with respect to aggravating factors pertaining to prior convictions." (*People v. Pantaleon* (2023) 89 Cal.App.5th 932, 937; see *People v. Wiley* (2023) 97 Cal.App.5th 676, 687-688.) These include "a finding that prior convictions are numerous or of increasing seriousness." (*Pantaleon*, at p. 938.)

In sum, defendant forfeited a statutory challenge to his waiver of a jury trial on his prior convictions and was not entitled to a jury trial on aggravating circumstances related to his prior convictions.

II

*Additional Aggravating Circumstances*

By contrast, defendant does have a federal constitutional right under the Sixth Amendment to a jury trial on aggravating circumstances not related to his prior convictions, which are, in this case, that the crime involved great violence, harm, or cruelty (rule 4.421(a)(1)); the victims were particularly vulnerable (rule 4.421(a)(3)); and defendant engaged in violent conduct indicating a serious danger to society (rule 4.421(b)(1)). Federal constitutional precedent establishes that " '[o]ther than the fact of a prior conviction, *any* fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' " (*People v. Black*, *supra*, 41 Cal.4th at p. 814, quoting *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490; see also *People v. Hall* (2023) 97 Cal.App.5th 1084, 1096.)

---

defendant's record of one or more convictions." (*Id*. at p. 71.) We can find no indication in the record that the trial court made a finding on this basis.

The statutory maximum is the maximum sentence that may be imposed without consideration of these additional factors. (*Blakely v. Washington* (2004) 542 U.S. 296, 303-304.)

"[T]he right to a jury trial on aggravating circumstances, which is guaranteed by the federal Constitution, may not be forfeited absent an express waiver by the defendant." (*People v. Baughman* (2008) 166 Cal.App.4th 1316, 1322; see also *People v. French* (2008) 43 Cal.4th 36, 46-48; *People v. Black*, *supra*, 41 Cal.4th at p. 816.)

Here, as defendant points out, aggravating circumstances were never mentioned when defendant agreed to a court trial on the prior conviction allegations. Defendant's and defense counsel's responses to the trial court's inquiry mentioned only prior convictions. Yet, the trial court relied in part on aggravating circumstances not pertaining to defendant's prior convictions to impose the upper term.

The parties debate whether a valid jury waiver occurred. However, we need not resolve this issue, because, as discussed, the trial court also relied on aggravating circumstances involving defendant's prior convictions in imposing an upper-term sentence. Thus, the trial court's factfinding established aggravating circumstances in a constitutionally permissible manner, i.e., without a jury trial or waiver of a jury trial. In *Black*, the court held that if one aggravating circumstance is established in a permissible manner, no Sixth Amendment violation occurred, no matter how many other aggravating circumstances are considered by the sentencing court. (*People v. Black*, *supra*, 41 Cal.4th at pp. 813-816; *People v. Hall*, *supra*, 97 Cal.App.5th at p. 1104.) Thus, "the presence of one aggravating circumstance renders it lawful for the trial court to impose an upper term sentence." (*Black*, at p. 815; see also *People v. Osband* (1996) 13 Cal.4th 622, 728.)

Accordingly, even assuming defendant's jury trial waiver was ineffective on certain aggravating circumstances, the trial court did not err in imposing an upper-term sentence based on other aggravating circumstances.

7

## DISPOSITION

The judgment is affirmed.

/s/
ROBIE, J.

We concur:

/s/
EARL, P. J.

/s/
BOULWARE EURIE, J.